UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4794

BOBBY LEE COMMANDER, a/k/a
Donald Edward Commander,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-99)

Submitted: March 28, 2000

Decided: April 14, 2000

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Angela H. Miller,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby Lee Commander pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 1999), after he shot a long-time friend, David Prescott McConico. Finding that Commander had used the gun in an attempt to rob McConico, the district court applied the cross reference in U.S. Sentencing Guidelines Manual § 2K2.1(c) (1998), to the robbery guideline, USSG § 2B3.1. Commander appeals his 120-month sentence, arguing that the district court considered unreliable evidence in deciding that he had attempted to rob McConico. We affirm.

At the sentencing hearing, the district court heard testimony from McConico's former girlfriend, Mary Taylor, and her daughter, both of whom witnessed the shooting. Both women testified that, just before it occurred, Commander entered the apartment where McConico lived with Taylor at the time and demanded that they give him McConico's money, then went outside, spoke to McConico, and shot him in the leg. The police officer who interviewed McConico and Commander after the incident testified about the statements they made. McConico said that Commander had pointed the gun at him and told him, "Give it up," and then shot him. Commander first denied shooting McConico, then said it had been an accident, that he "pulled the gun straight out and it went off." A transcript of the two 911 calls Taylor made was introduced. Finally, Commander's former girlfriend testified that, before the shooting, McConico had threatened to shoot or kill Commander. A short time later, she said, she saw the two men arguing outside, and then struggling with a gun which went off and wounded McConico. She said she could not tell who had pulled the trigger because both men had their hands on the gun.

On appeal, Commander contends that, in making its decision, the district court relied on information from Taylor and her daughter that

2

lacked sufficient indicia of reliability. He relies on USSG § 6A1.3(a), which provides that, in disputes involving sentencing factors, the district court may consider information that might not be admissible at trial, "provided that the information has sufficient indicia of reliability to support its probable accuracy." However, the district court did not rely on hearsay evidence in determining that Commander attempted to rob McConico, but on testimony from witnesses who were present at the shooting and on the transcript of the 911 calls. The differences between Taylor's account and her daughter's were minor and did not make their testimony inherently unreliable. The court was able to gauge the witnesses' credibility. Credibility determinations are the province of the fact finder; an appeals court does not review the credibility of witnesses. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Given that the court found Commander's witness less credible than the government's witnesses, the cross reference was correctly applied.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3